# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY WILLIAM BAILEY, | CV F 05 1349 REC LJO P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING MOTION FOR LAW LIBRARY ACCESS (Doc. 5.) |
| v. | |
| SCHWARZENEGGER, | |
| Defendants. | |

Rodney William Bailey ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on October 26, 2005. On November 15, 2005, Plaintiff moved for a Court Order requiring the Fresno County Detention Center to grant him access to the law library. Plaintiff's Motion for Access to the Law Library is requesting injunctive relief and will be treated as such.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor."

1   Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987).  Under either
2   approach the plaintiff "must demonstrate a significant threat of irreparable injury."  Id.  Also, an
3   injunction should not issue if the plaintiff "shows no chance of success on the merits."  Id.  At a
4   bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or
5   questions serious enough to require litigation."  Id.

6   With respect to law library access, a preliminary injunction does not serve the purpose of
7   ensuring that Plaintiff is able to litigate this action effectively or efficiently.  A federal court is a
8   court of limited jurisdiction.  Because of this limited jurisdiction, as a threshold and preliminary
9   matter the court must have before it for consideration a "case" or "controversy."  Flast v. Cohen,
10  392 U.S. 83, 88 (1968).  If the court does not have a "case" or "controversy" before it, it has no
11  power to hear the matter in question.  Rivera v. Freeman, 469 F. 2d 1159, 1162-63 (9th Cir.
12  1972).  "A federal court may issue an injunction if it has personal jurisdiction over the parties
13  and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of*
14  *persons not before the court.*"  Zepeda v. United States Immigration Service, 753 F.2d 719, 727
15  (9th Cir. 1985) (emphasis added).  Finally, the type of relief sought in any request for a
16  preliminary injunction must bear some relationship to the type of harm alleged in the action.

17  In this case, Plaintiff's Complaint was only recently filed.  The court is required to screen
18  complaints brought by prisoners seeking relief against a governmental entity or officer or
19  employee of a governmental entity to ensure that the Complaint states a cognizable claim for
20  relief.  28 U.S.C. § 1915A(a).  Plaintiff is not entitled to preliminary injunctive relief and the
21  Court cannot consider such a motion until such time as the Court finds that his complaint
22  contains cognizable claims for relief against the named Defendants *and* the named Defendants
23  have been served with the summons and complaint.  At this juncture, any Motion requesting for
24  preliminary injunctive relief is premature.  Plaintiff is cautioned to any further motions for
25  preliminary injunctive relief that are filed before Defendants are served with process in this case
26  will be denied as premature.

27  Accordingly, the Court RECOMMENDS that the Motion for an Order for Law Library
28  Access be DENIED.

1     The Court HEREBY ORDERS that these Findings and Recommendations be submitted
2 to the United States District Court Judge assigned to this action pursuant to the provisions of 28
3 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States
4 District Court, Eastern District of California.  Within THIRTY (30) days after being served with
5 a copy of these Findings and Recommendations, any party may file written Objections with the
6 Court and serve a copy on all parties.  Such a document should be captioned "Objections to
7 Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served
8 and filed within TEN (10) <u>court</u> days (plus three days if served by mail) after service of the
9 Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.
10 § 636 (b)(1)(C).  The parties are advised that failure to file Objections within the specified time
11 may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153
12 (9th Cir. 1991).

13 IT IS SO ORDERED.

14 **Dated:   November 18, 2005**          /s/ Lawrence J. O'Neill
    b9ed48                              UNITED STATES MAGISTRATE JUDGE